IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 3:21-cr-30050-DWD |
| | ) | |
| KRISTA N. BRENNER, | ) | |
| | ) | |
| Defendant. | ) | |

PRETRIAL DIVERSION AGREEMENT

The United States of America and Defendant Krista N. Brenner (hereinafter "Defendant") agree that Defendant committed the crimes charged in the Indictment. Specifically, Defendant agrees that from August 10 to August 11, 2019, and on or about February 17, 2019, in Madison County, within the Southern District of Illinois, Defendant knowingly and intentionally acquired controlled substances by misrepresentation, fraud, and deception, in violation of Title 21, United States Code, Section 843(a)(3), as charged in Counts 1 and 2 of the indictment.

After a thorough investigation of the crime and Defendant's background, the United States and Defendant agree that the interests of justice are best served by entering into this Pretrial Diversion Agreement, described more fully below.

On the authority of the Attorney General of the United States, by Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, the United States agrees that the prosecution of the aforementioned offense in the Southern District of Illinois shall be deferred for the period of 18 months from this date, provided that Defendant abide by the conditions and requirements of the program set out below. Should Defendant violate any of these conditions and requirements, the United States Attorney may revoke or modify any conditions of this Pretrial

*JDS2  KNB*

Diversion Program. The United States Attorney may release Defendant from supervision at any time. The United States Attorney may at any time within the period of Defendant's supervision re-initiate prosecution for this offense should Defendant violate the terms of this Agreement. In this case, the United States Attorney will furnish Defendant with notice specifying the conditions of the Agreement which Defendant violated.

After successfully completing Defendant's diversion program and fulfilling all terms and conditions of the Agreement, no prosecution for the offenses set out on page 1 of this Agreement will be instituted in this District, and the charges against Defendant will be dismissed.

Neither this Agreement nor any other document filed with the United States Attorney as a result of Defendant's participation in the Pretrial Diversion Program will be used against Defendant in connection with any prosecution for the above described offense except for impeachment purposes.

## CONDITIONS OF PRETRIAL DIVERSION

(1) Defendant shall refrain from violating any law (federal, state, or local). Defendant shall notify her pretrial services officer within 48 hours of any contact with law enforcement personnel including, but not limited to, any arrest, questioning, or traffic stop.

(2) Defendant shall continue to live within the Southern District of Illinois. If she intends to move out of the Southern District of Illinois, she shall inform her pretrial services officer so that the appropriate transfer of program responsibility can be made.

(3) Defendant shall report to her pretrial services officer as directed and report immediately any change in her place of residence.

(4) Defendant shall submit to her pretrial services officer a truthful and complete written report (on a form provided for that purpose) between the first and tenth day of each month.

JDS² KNB

Furthermore, Defendant shall truthfully answer all inquiries and follow instructions from her officer.

(5) Defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons, and provide verification of employment to her pretrial services officer. Furthermore, Defendant shall report immediately any change in her employment status.

(6) Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

(7) Defendant shall participate in available mental health, psychological, or psychiatric treatment as deemed necessary by her pretrial services officer.

(8) Defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

(9) Defendant shall submit to any method of testing required by her pretrial services officer for determining use of a prohibited substance. Defendant shall refrain from attempting to obstruct or tamper with the accuracy and/or efficiency of substance abuse testing.

(10) Defendant shall participate as directed and approved by her pretrial services officer in a program for treatment of narcotic addiction, drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures, and which may require residence and/or participation in a residential treatment facility, or residential reentry center. Any participation in treatment will require complete abstinence from all illegal substances. Defendant shall pay for the costs associated with substance abuse counseling and/or testing based on a co-pay sliding fee scale



approved by the United States Probation Office. Co-pay shall never exceed the total costs of counseling.

(11) Defendant shall notify her (a) employer(s), (b) professional licensing board(s), and/or (c) volunteer or charitable organizations through which Defendant works or regularly interacts with the elderly, of the federal charges filed in this case and the existence and terms of this Pretrial Diversion Agreement. Defendant shall further permit the probation officer to make such notifications and to confirm Defendant's compliance with such notification requirements.

## AGREEMENT OF KRISTA BRENNER

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I am also aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an information, or in bringing a defendant to trial. I hereby request that the United States Attorney for the Southern District of Illinois defer such prosecution. I agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request, and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for a period of months equal to the period of this Agreement.

I hereby state that the above has been read and explained to me. I understand the conditions of my pretrial diversion program and agree that I will comply with them.

*JDS*
*KNB*

_____  
KRISTA N. BRENNER

_8/3/21_____  
Date

_____  
JOHN D. STOBBS  
Attorney for Krista N. Brenner

_8/3/21_____  
Date

_Peter T. Reed_____  
PETER T. REED  
Assistant United States Attorney

_08/03/2021_____  
Date

_____  
Pretrial Diversion Coordinator

_08/04/2021_____  
Date

5